1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf of its members employed by defendants, and RICHARD FLOYD and EDUARDO CARBEJAL, individually and on behalf of all similarly situated current and former employees,<br><br>    Plaintiffs,<br> v.<br><br>SHELL OIL COMPANY; EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US; TESORO REFINING AND MARKETING COMPANY and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. CV08-3693 RGK (Ex)<br><br>[~~PROPOSED~~] AMENDED JUDGMENT |

Case No. CV 08-3693 RGK (Ex)

[~~PROPOSED~~] AMENDED JUDGMENT

On April 25, 2008, Plaintiffs United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW"), Richard Floyd, and Eduardo Carbajal filed this action against Defendants Shell Oil Company ("Shell"), Equilon Enterprises LLC dba Shell Oil Products US ("Equilon"), and Tesoro Refining and Marketing Company ("Tesoro") (Dkt. 1-2), alleging (1) failure to provide meal periods, (2) failure to authorize and permit rest periods, (3) failure to provide accurate itemized wage statements, (4) failure to timely pay all wages to former employees upon termination of employment, and (5) violations of California's Unfair Competition Law.

On June 5, 2009, Tesoro filed counterclaims against the USW (Dkt. 64), alleging (1) breach of contract, (2) indemnity or, alternatively, contribution, and (3) rescission or, alternatively, reformation based on mutual mistake.

On August 27, 2010, the Court issued an Order on Plaintiffs Floyd's and Carbajal's Motion for Partial Summary Judgment and Defendant Tesoro's Motion for Summary Judgment (Dkt. 198):

1. Granting Plaintiffs Floyd's and Carbajal's motion for partial summary judgment on their First Claim for Relief for failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512, and Industrial Welfare Commission Wage Order 1-2001, § 11, against Equilon and Tesoro;

2. Granting Plaintiffs Floyd's and Carbajal's motion for partial summary judgment on their Third Claim for Relief for failure to provide accurate itemized wage statements in violation of California Labor Code § 226, against Equilon and Tesoro;

3. Granting Tesoro's motion for partial summary judgment on Plaintiffs Floyd's and Carbajal's Second Claim for Relief for failure to authorize and permit rest breaks in violation of California Labor Code § 226.7 and IWC Wage Order 1-2001, § 12;

///

4. Granting Tesoro's motion for partial summary judgment on Plaintiffs Floyd's and Carbajal's Fourth Claim for Relief for failure to timely pay wages upon termination of employment in violation of California Labor Code §§ 201, 202, and 203.

5. Granting Tesoro's motion for partial summary judgment on the injunctive relief component of Plaintiffs Floyd's and Carbajal's Fifth Claim for Relief pursuant to California's Unfair Competition Law, as stated in California Business & Professions Code § 17200, *et. seq.*; and

6. Granting Tesoro's motion for summary judgment on Plaintiff USW's claims in its entirety, including the USW's claims for monetary claims on behalf of its members alleging (1) failure to provide meal periods pursuant to California Labor Code §§ 226.7 and 512, and Industrial Welfare Commission Wage Order 1-2001, § 11; (2) failure to authorize and permit rest breaks pursuant to California Labor Code § 226.7 and Industrial Welfare Commission Wage Order 1-2001, § 12; (3) failure to provide accurate itemized wage statements pursuant to California Labor Code § 226; and (4) failure to pay wages due upon termination of employment pursuant to California Labor Code §§ 201, 202, and 203.

On August 27, 2010, the Court issued an Order granting Plaintiff USW's motion for summary judgment on Tesoro's counterclaims (Dkt. 197), in its entirety, finding in favor of the USW and dismissing Tesoro's First, Second, and Third Claims for Relief, against the USW.

On October 22, 2010, the Court issued an Order Granting the Joint Stipulation and Request for Partial Dismissal with Prejudice of Plaintiffs' Second and Fourth Claims for Relief and Injunctive Relief Claim Against Defendants Shell and Equilon (Dkt. 209):

1. Dismissing Plaintiffs' Second Claim for Relief for failure to authorize and permit rest breaks in violation of California Labor Code § 226.7 and IWC Wage Order 1-2001, § 12, against Shell and Equilon;

2. Dismissing Plaintiffs' Fourth Claim for Relief for failure to timely pay wages due upon termination of employment in violation of California Labor Code §§ 201, 202, and 203, against Shell and Equilon;

3. Dismissing the injunctive relief component of Plaintiffs' Fifth Claim for Relief for violation of California's Unfair Competition Law, Business and Professions Code § 17200 *et seq.*, against Shell and Equilon; and

4. Granting the agreement between Plaintiffs and Defendants Shell and Equilon that each are to bear their own costs and attorneys' fees as to the above-mentioned claims.

On January 25, 2011, the Court issued an Order granting the Parties' Joint Motion for Determination of Restitution and Penalties Owed to Plaintiffs Floyd and Carbajal and Entry of Judgment (Dkt. 214).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Pursuant to Plaintiffs Floyd's and Carbajal's First Claim for Relief for failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512, and Industrial Welfare Commission Wage Order 1-2001, § 11, and the restitutionary relief component of their Fifth Claim for Relief for violation of California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, Defendant Tesoro shall pay Floyd $75.62, plus prejudgment interest at 10%, and Carbajal $18,926.19, plus prejudgment interest at 10%, and Defendant Equilon shall pay Floyd $4,546.40, plus prejudgment interest at 10%, and Cabajal $14,836.90, plus prejudgment interest at 10%.

2. Pursuant to Plaintiffs Floyd's and Carbajal's Third Claim for Relief for failure to provide accurate itemized wage statements in violation of California Labor Code § 226, Defendant Tesoro shall pay Floyd $50.00 and Carbajal $4,000.00.

3. Plaintiffs Floyd's and Carbajal's Second and Fourth Claims for Relief and the injunctive relief component of their Fifth Claim for Relief are dismissed with prejudice against Defendant Tesoro.

///

4. Plaintiffs Floyd's and Carbajal's Second and Fourth Claims for Relief and the injunctive relief component of their Fifth Claim for Relief are dismissed with prejudice against Defendant Equilon, with each party to bear its own costs and attorney's fees.

5. Plaintiffs Floyd's and Carbajal's First, Second, Third, Fourth, and Fifth Claims for Relief are dismissed with prejudice against Defendant Shell, with each party to bear its own costs and attorney's fees.

6. Plaintiff USW's First, Second, Third, and Fourth Claims for Relief are dismissed with prejudice against Defendants Shell and Equilon, with each party to bear its own costs and attorney's fees.

7. Plaintiff USW's First, Second, Third, and Fourth Claims for Relief are dismissed with prejudice against Defendant Tesoro.

8. Defendant Tesoro's First, Second, and Third Claims for Relief are dismissed with prejudice against Plaintiff USW.

9. Except as indicated above, the Parties are to recover their costs, as provided by law, and attorneys' fees, following a ruling on any motions for attorneys' fees within the timelines established by this Court.

Dated: 03.23.11

The Honorable R. Gary Klausner
United States District Judge